UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  7/15/15
```

SOLOMAN WRIGHT,

          Petitioner,

    -against-

WILLIAM LEE,

          Respondent.

**ORDER**

13 Civ. 5492 (PGG) (SN)

PAUL G. GARDEPHE, U.S.D.J.:

      On August 5, 2013, pro se Petitioner Soloman Wright filed this habeas corpus petition pursuant to 28 U.S.C. § 2254, seeking to set aside his New York state court convictions on two counts of first degree assault and one count of criminal possession of a weapon. (Dkt. No. 2) Wright's petition claims that (1) the prosecutor improperly shifted the burden of proof at trial; (2) the evidence against him on the charges of first degree assault was insufficient; and (3) his sentence was unduly harsh. (Id.) On August 23, 2013, this Court referred the matter to Magistrate Judge Sarah Netburn for a Report and Recommendation ("R&R"). (Dkt. No. 5)

      Wright's petition provides no legal authority supporting his claims; Wright simply attaches to the petition the table of contents from his direct appeal in state court. (Dkt. No. 2) On December 9, 2013, Respondent filed an opposition to Wright's petition. (Dkt. No. 12) Despite receiving an extension of time to file a reply, granted sua sponte by Judge Netburn (Dkt. No. 13), Wright filed no reply.

      On June 26, 2014, Judge Netburn issued an R&R recommending that this Court deny Wright's petition in its entirety, because (1) the state appellate court's determination that there was sufficient evidence to convict Wright of first degree assault was not contrary to or an unreasonable application of clearly established federal law; and (2) Wright's remaining claims

are either not cognizable or are procedurally barred from federal habeas review. (R&R (Dkt. No. 14)) In her R&R, Magistrate Judge Netburn also informed Petitioner that he had fourteen days from service of the R&R to file any objections, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, and that failure to do so could result in waiver of review. (Id. at 27-28)

Petitioner has not filed any objections to the R&R. Accordingly, he has waived his right to review by this Court. See Thomas v. Arn, 474 U.S. 140, 147-48 (1985); see also Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."); Spence v. Superintendent, Great Meadow Correctional Facility, 219 F.3d 162, 174 (2d Cir. 2000) ("Failure to timely object to a report generally waives any further judicial review of the findings contained in the report.").

This Court has nonetheless reviewed Judge Netburn's comprehensive and well-reasoned R&R and is satisfied that "there is no clear error on the face of the record." Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted). As Judge Netburn explains fully in her R&R, the state appellate court's denial of Wright's sufficiency of the evidence claim was not contrary to or an unreasonable application of clearly established federal law.

> Wright contends that the jury's verdicts on first-degree assault under Penal Law § 120.10(1) (regarding causing 'serious physical injury') and § 120.10(2) (regarding permanent disfigurement) were based on legally insufficient evidence. The Appellate Division found that the prosecution's 'evidence demonstrated that the wound the victim sustained constituted "serious disfigurement."' Wright, A.D.3d at 645. The evidence presented to the jury . . . included witness testimony that Wright slashed [the victim's] neck with a box cutter, causing profuse bleeding and a 20-centimeter laceration that required stitches and five days of hospitalization. The jury saw photographs of the wound as well as the appearance of [the victim's] scar when he testified.

2

R&R at 26. This Court concludes that the evidence supporting the assault charges against Wright was overwhelming. Accordingly, the Appellate Division properly determined that Wright's conviction was based on legally sufficient evidence. See id. at 25-27.

This Court also agrees with Judge Netburn's conclusion that Wright's remaining claims are either not cognizable or are procedurally barred from federal habeas review. (Id. at 9-24) Judge Netburn correctly concluded that Petitioner's excessive sentence claim is based entirely on state law and does not independently raise a federal issue, thereby precluding federal habeas review. See id. at 12-14; Estelle v. McGuire, 502 U.S. 62, 68 ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.").

Judge Netburn likewise committed no error in concluding that Wright's claim of improper burden shifting is procedurally barred. See R&R at 19-25. Noting that the Appellate Division found that Wright's appeal on these grounds was waived because his counsel did not follow New York's contemporaneous objection rule, see People v. Wright, 101 A.D.3d 645 (1st Dep't 2012), Judge Netburn concluded that application of the state law procedural rule was not "exorbitant," see Cotto v. Herbert, 331 F.3d 217, 239-46 (2d Cir. 2003), and that Petitioner had not shown cause for his procedural default or that application of the state rule violated federal law and was prejudicial to him. See R&R at 19-25; see also Trevino v. Thaler, 133 S.Ct. 1911, 1917 (2013). Judge Netburn thoroughly examined each of these issues and correctly concluded that Wright's claim is procedurally barred from federal habeas review.[1] See R&R at 19-24.

---

[1] Although the record reflects a defense objection during the prosecutor's opening and an objection during the People's closing, on neither occasion did defense counsel suggest that the prosecutor was shifting the burden of proof or directing the jury's attention to Wright's failure to testify. Such specificity is required under New York law. See, e.g., People v. Ross, 89 A.D.3d 495 (1st Dep't 2011) ("by failing to make specific objections on the same grounds raised on appeal, defendant did not preserve his challenges to the prosecutor's summation"); People v.

3

This Court adopts Magistrate Judge Netburn's R&R in its entirety and, for the reasons stated therein, denies Wright's petition with prejudice. Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue under 28 U.S.C. § 2253. This Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a non-frivolous issue). The Clerk of the Court is directed to terminate any outstanding motions and to close this case.

Dated: New York, New York
       July 14, 2015

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge

---

Mack, 14 A.D.3d 517 (2d Dep't 2005) (defendant "did not specify the ground now raised on appeal. . . . Therefore the issue is unpreserved for appellate review."); see also Harvey v. Duncan, 485 F.3d 709, 720 (2d Cir. 2007). In any event, defense counsel's objection to the People's opening addressed tape-recorded evidence later introduced at trial, and not any expected failure to testify by Wright. (Trial Tr. 16-17) The prosecutor also addressed Wright's tape-recorded statements in summation, but reminded the jury that Wright's failure to testify could not be considered. (Id. at 241-42) In objecting to the prosecutor's account of Wright's incriminating tape-recorded statements, defense counsel stated, "Objection, it's a fact not in evidence." (Id.) Accordingly, defense counsel not only failed to make the objections Wright makes now – burden shifting or commenting on a failure to testify – but raised a different objection.

Wright's failure to comply with New York's contemporaneous objection rule constitutes a procedural default that – under the circumstances here – bars federal habeas review.